# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.  CASE NO: 3:17-cr-174-J-34JBT

ERIC MASSEY  ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A)

## O R D E R

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the factors identified in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED after complete review of the motion on the merits.[1]

　　☒ FACTORS CONSIDERED

Defendant Eric Massey is a 43-year-old inmate incarcerated at Jesup FCI, serving a 60-month term of imprisonment for conspiracy to distribute 100 grams or more of heroin. (Doc. 106, Judgment). According to the Bureau of Prisons (BOP), he is scheduled to be released from prison on March 20, 2022. Massey seeks compassionate release because of the Covid-19 pandemic, prison conditions, and because he claims to suffer from obesity, hypertension, and Type 2 diabetes. (Doc. 119, Motion). He also contends that he

---

[1] Massey submitted a request for compassionate release to the warden of his facility on July 23, 2020, and he filed the Motion more than 30 days later. As such, he has satisfied § 3582(c)(1)(A)'s exhaustion requirement. See United States v. Smith, — F. Supp. 3d —, 2020 WL 5106694, at *3-4 (M.D. Fla. Aug. 31, 2020).

has psoriasis and a thyroid condition, but he does not argue that those two conditions put him at special risk due to Covid-19.

A movant for compassionate release bears the burden of proving that a reduction in sentence is warranted. United States v. Heromin, No. 8:11-cr-550-T-33SPF, 2019 WL 2411311, at *2 (M.D. Fla. Jun. 7, 2019); cf. United States v. Hamilton, 715 F.3d 328, 337 (11th Cir. 2013) (a movant under § 3582(c)(2) bears the burden of proving that a sentence reduction is appropriate). As the Third Circuit Court of Appeals has observed, the mere existence of Covid-19 cannot independently justify compassionate release, "especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020).

Massey has not demonstrated extraordinary and compelling reasons warranting compassionate release. 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13 & cmt. 1. Although Massey did not submit medical records supporting his asserted medical conditions, the Court accepts his contention that he has Type 2 diabetes, obesity, and hypertension. Notably, however, Massey has already contracted, and recovered from, coronavirus. According to medical records submitted by the United States, Massey tested positive for Covid-19 on or around July 14, 2020. (Doc. 122-1, Medical Records at 7, 9). Massey was placed under isolation, and on July 16, 2020, he reported no complaints to medical staff and denied any distress or symptoms. Id. at 5. Medical staff saw Massey again on July 20, 2020, at which time he stated he was "alright," and denied having chest pain, shortness of breath, fevers, chills, sweats, or any other symptoms. Id. at 3. As of July 30, 2020, Massey still had no symptoms, and because he had been without symptoms for 10 days, medical staff deemed him to be in remission from Covid-19. Id. at 1-2.

The parties dispute whether Massey is now immune to Covid-19 or whether he is susceptible to reinfection. (Doc. 122, Response at 1; Doc. 123, Reply). Early data suggests that reinfection with Covid-19 is possible, but that it is rare, with fewer than five cases of reinfection confirmed out of 38 million infections globally.[2] But whether or not Massey might be susceptible to reinfection, his recovery is significant because it also demonstrates his ability to tolerate and recover from coronavirus. Massey submits no evidence that he is suffering lingering effects from the Covid-19 infection. As such, the Court concludes that neither Covid-19 nor Massey's underlying conditions are a justification for compassionate release. See United States v. Johnson, No. 8:11-cr-12-T-27AEP, 2020 WL 6134668, at *2 (M.D. Fla. Oct. 19, 2020) (finding that movant had not demonstrated extraordinary and compelling reasons for compassionate release where he tested positive for Covid-19 but was asymptomatic); United States v. Thomas, No. 8:10-cr-438-T-33AAS, 2020 WL 4734913, at *2-3 (M.D. Fla. Aug. 14, 2020) (same where movant had flu-like symptoms from Covid-19).[3]

In any event, the sentencing factors under 18 U.S.C. § 3553(a) do not support a reduction in sentence. 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13. Massey was convicted of conspiring to distribute 100 grams or more of heroin. In addition, Massey's offense involved 27.5 grams of carfentanyl, a dangerous synthetic opioid that can be

---

[2] "Coronavirus Reinfections are Real, but Very, Very Rare," Oct. 13, 2020. https://www.nytimes.com/2020/10/13/health/coronavirus-reinfection.html.

[3] The Court recognizes there is a split of authority over whether district courts are bound by the list of extraordinary and compelling reasons contained in U.S.S.G. § 1B1.13, cmt. 1(A)-(C). See United States v. Brooker, — F.3d —, No. 19–3218–CR (2d Cir. Sept. 25, 2020), Slip Op. at 12. The Court's decision does not depend on the resolution of that issue because it would reach the same conclusion if it had independent authority to identify extraordinary and compelling reasons.

3

lethal even in small doses. (Doc. 94, Presentence Investigation Report [PSR] at ¶ 33). As the United States points out, the instant offense was Massey's sixth felony drug conviction. Response at 16-17. Before this case, Massey had four prior convictions for possession of cocaine and one conviction for conspiracy to traffic cocaine. PSR at ¶¶ 44, 47, 48, 51, 52. Massey also had prior convictions for aggravated battery on a pregnant woman, domestic battery, and driving under the influence. Id. at ¶¶ 45, 46, 50. So far, he has served only 36 months of his 60-month prison sentence. In view of all the § 3553(a) factors, reducing Massey's term of imprisonment at this time would not be consistent with the statutory purposes of sentencing or the Sentencing Commission's policy statements.

Accordingly, Defendant Eric Massey's Motion for Compassionate Release (Doc. 119) is **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida this 3rd day of November, 2020.

MARCIA MORALES HOWARD
United States District Judge

Lc 19

Copies:
Counsel of record
Defendant